UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY C. RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>BENICIA POLICE DEP'T,<br><br>Defendant. | No. 2:12-cv-1931 GEB AC PS<br><br><br><br>FINDINGS & RECOMMENDATIONS |

On October 2, 2013, the court held a hearing on defendant's July 12, 2013 motion to dismiss. Plaintiff Bobby Richardson appeared in pro per. Gregg Anthony Thornton appeared for the moving defendant, Benicia Police Department. On review of the motion, the documents filed in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. Facts Underlying Litigation

Plaintiff, an African-American man, alleges that the Benicia Police Department violated his constitutional rights on two different occasions. Compl., ECF No. 1 at 2. The first violation took place on December 30, 2009 and the second on July 5, 2012. Id.

a. The 2009 Incident

On December 30, 2009, unnamed Benicia police officers detained plaintiff at a Starbucks

1

1  coffee shop in Benicia, California. Compl., ECF No. 1 at 2. Plaintiff was on his way home from
2  a bar where he consumed one bottle of beer, and it was approximately 4:30 or 5:00 pm and dark
3  outside. Id. Plaintiff claims that he was subjected to a "false arrest," though he does not provide
4  any details regarding the circumstances preceding the arrest. Id. Following his arrest, plaintiff
5  was placed in a police car and taken to an unfamiliar wooden area where the officers stopped,
6  exited the vehicle, and left plaintiff in the car while they stood in front of it. Id. Plaintiff felt
7  frightened. Id. He claims that the police then "drag[ged]" him from the car. Id. Once on the
8  ground, plaintiff attempted to run "for fear of [his] life" because "being a Southern born Black
9  man this drive in the dark woods brought back memories of stories [his] grandfather would tell
10 [him] about the old Jim Crow days." Id. The police officers grabbed him and "started laughing
11 hilariously." Id. They then placed plaintiff in another car and drove him to the Fairfield jail. Id.
12 Plaintiff was released the next day and later "found innocent." Id. Plaintiff alleges that these
13 actions of the Benicia Police Department violated his Eight Amendment rights. Id.

14         b.       The 2012 Incident

15 On July 4, 2012, plaintiff had an argument with his estranged wife at her home. Compl.,
16 ECF No. 1 at 2. During the course of the argument, his wife threw keys at him and yelled that
17 she was going to call the police. Id. Plaintiff tossed the keys back towards his wife and then left.
18 Id. The next morning, two Benicia police officers, Greg Harris and Chris Bidou, came to the
19 front door of plaintiff's house and rang the door bell. Id. Plaintiff's landlord came to the door
20 and told the police officers that plaintiff was not at home. Id. The police officers then forced
21 their way through the door, almost pushing the landlord to the ground. Id. They searched all
22 through the house for plaintiff until finding him by the garbage area. Id. The police officers
23 pointed a gun at plaintiff, and Officer Bidou told him to put his hands up. Id. Plaintiff complied
24 and was escorted outside of the house. Id. Once outside, the police officers asked plaintiff if he
25 threw keys at his wife and whether he had been drinking. Id. After plaintiff denied throwing
26 keys and told the officers that he only had a couple of sips of beer, Officer Harris placed plaintiff
27 under arrest. Id. Plaintiff was checked into jail and charged with misdemeanor domestic
28 violence. Id. He was bailed out the next morning. Id. Plaintiff was told by his landlord that the

police officers knew that he was in the house because they "were peeping thr[ough] the window." Id. He alleges that the Benicia Police Department's actions violated his Fourth Amendment rights. Id.

### 2. Procedural Background

Plaintiff filed his Complaint on July 23, 2012, alleging violations of his Fourth and Eighth Amendment rights by the Benicia Police Department. Compl., ECF No. 1. Plaintiff claims that the Benicia Police Department's repressive conduct requires appointment of a Review Board. He points out that Chris Bidou, one of the police officers who unlawfully arrested him on July 5, 2012, is a brother of Andrew Bidou, Benicia's Chief of Police, and a brother-in-law of Johnny Cateras, who was involved with infamous Riders group of police officers who "terroriz[ed] the Black community of Oakland around about the year of 2004."

On July 12, 2013, defendant filed a motion to dismiss. ECF No. 20. On August 15, 2013, plaintiff filed an opposition. ECF No. 21.

## LEGAL STANDARDS

### 1. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989); see also Rodriguez v. Panayiotou, 314 F.3d 979, 983 (9th Cir. 2002). A court is not "required to accept as true allegations that are merely

1  conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). That is, leave to amend need not be granted where amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

2. Rule 8 Pleading Standard

A complaint must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The "short and plain" statement must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The Ninth Circuit has held that "[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case." Sagana v. Tenorio, 384 F.3d 731, 737 (9th Cir. 2004) (quoting Am. Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982)). Courts have a "duty ... to construe pro se pleadings liberally." Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); Hughes v. Rowe, 449 U.S. 5, 9 (1980). The pleadings of pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers." Castro v. United States, 540 U.S. 375, 386 (2003) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). "However, 'a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled.'" Peterson v. Cal. Dep't. Of Corr. & Rehab., 451 F.Supp.2d 1092, 1099 (D.Cal. 2006) (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)).

////
////
////
////
////

4

## DISCUSSION

1. State Law Claims[1]

   a. California Government Tort Claims Act

Defendant first argues that plaintiff failed to file a government tort claim with the Benicia Police Department before bringing his suit as required by the California Tort Claims Act and, therefore, all state law tort claims that plaintiff intends to bring must be dismissed with prejudice. Def.'s Mot. Dismiss, ECF No. 20-1 at 4. Plaintiff did not allege in either his complaint or the opposition that he filed any claims pursuant to the Tort Claims Act. At the hearing on the instant motion, plaintiff admitted that he never in fact filed such claims as to either incident.

A plaintiff seeking to bring tort claims against a government entity must first present those claims to the public entity within the limitations period, either six months or one year, depending on the nature of the tort alleged:

> A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action.

Cal. Gov't. Code § 911.2(a). The term "injury" means "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings, or estate, of such nature that it would be actionable if inflicted by a private person." Cal. Gov't. Code § 810.8; Ovando v. County of Los Angeles, 159 Cal. App. 4th 42, 63 n.7 (2008).

Until a claimant has properly presented a claim to a public entity, and the public entity has acted on it or it is deemed rejected in accordance with the Act, the claimant may not file suit against that entity. Cal. Gov't. Code § 945.4; California v. Super. Ct., 32 Cal. 4th 1234, 1239 (2004). The failure to timely present a claim bars a person from filing a lawsuit against that

---

[1] The complaint consists of a one-page narrative that does not expressly allege state law claims, or specify any causes of action. Defendants move to dismiss any putative state law claims that are intended by the allegations.

1  entity. See Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007) (stating that timely
2  claims presentation is a condition precedent to, and an element of, any claim against a public
3  entity or its employees).  In federal court, the failure to allege facts that either demonstrate or
4  excuse compliance with the Government Claims statutes will subject a state law claim to
5  dismissal.  Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988);
6  Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

7  Here, assuming plaintiff's putative tort claims arose on December 30, 2009 and July 5,
8  2012, he had until July 2009 to file a claim regarding December 2009 incident and until January
9  5, 2013 regarding July 2012 incident.  However, plaintiff did not present any evidence that he
10 either filed these claims within the statutory time limits or that he filed an application for leave to
11 present a late claim "within a reasonable time not to exceed one year after the accrual of the cause
12 of action" as allowed under section 911.4(b).  Cal. Gov't. Code § 911.4(b).  At this time the
13 statutory time limits to file a claim and the latest date to apply for leave to present a late claim
14 have passed and, therefore, any state law tort claims that plaintiff intends to bring are barred by
15 the California Tort Claims Act.  See Shirk, 42 Cal. 4th at 209.

16 It should be noted that plaintiff is equally precluded from bringing state tort claims against
17 individual police officers because California Government Code section 950.2 mandates that "a
18 cause of action against a public employee . . . . for injury resulting from an act or omission in the
19 scope of his employment as a public employee is barred unless a timely claim has been filed
20 against the employing public entity."  Fowler v. Howell, 42 Cal. App. 4th 1746, 1750 (1996).

21 Accordingly, plaintiff's putative state tort law claims should be dismissed under section
22 California Government Code section 945.4 without leave to amend.

23           b.     California Government Code § 815

24 Defendant further argues that plaintiff's common law causes of action against defendant
25 are barred by California Government Code § 815.  Def.'s Mot. Dismiss, ECF No. 20-1 at 7-8.
26 Section 815 "abolishes common law tort liability for public entities."  Miklosy v. Regents of
27 Univ. of Cal., 44 Cal. 4th 876, 899 (2008); see Cal. Gov't Code § 815(a) ("Except as otherwise
28 provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of

an act or omission of the public entity or a public employee or any other person."). Because the Benicia Police Department is a public entity (or subdivision of a public entity), its liability as to common law claims is precluded by section 815.

Accordingly, plaintiff is barred from asserting any common law claims against Benicia Police Department.

### 2.  Civil Rights Claims Under 42 U.S.C. §1983

In order to sue a local government entity or its employees in a federal court for civil rights violations, a plaintiff must rely on statutory provisions that permit individuals to seek relief in federal court. 42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a 'right secured by the Constitution and . . . . law of the United States' and that the deprivation was 'under color' of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). Here, plaintiff alleges Fourth and Eighth Amendment violations.

#### a.  The Statute of Limitations Applicable to 42 U.S.C. §1983 Claims

Defendant asserts first that all of plaintiff's claims arising out of the December 30, 2009 incident are time-barred because plaintiff filed his Complaint outside of the applicable two-year statute of limitations. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (stating that California's two-year statute of limitations for personal injury actions applies to § 1983 suits in federal court); Cal. Civ. Pro. Code § 335.1.

While state law provides the applicable statute of limitations, federal law controls the

question of when a claim accrues. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). In § 1983 false arrest cases, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). Here, plaintiff filed his Complaint on July 23, 2012, two years, six months and twenty three days after the claim accrued, the date of the alleged arrest. This is six months and twenty three days after the two year statute of limitation has run.

However, the facts asserted by the plaintiff suggest that the statute of limitations might have been tolled. When not inconsistent with federal law, federal courts apply the law of the forum state regarding tolling of limitations periods. Johnson, 207 F.3d at 653. "In California, the statute of limitations for Section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995); see also Via v. City of Fairfield, 833 F. Supp. 2d 1189, FN3 (E.D. Cal. 2011) (noting that the statute of limitations on plaintiff's § 1983 claims regarding his arrest was tolled under Cal. Gov't Code § 945 until the related criminal charges were dismissed). Section 945.3 reads:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal, or superior court.

Cal. Gov't Code § 945.3.

Under this section, "criminal charges are 'pending' until the date of judgment." McAlpine v. Superior Court, 209 Cal. App. 3d 1, 3 (1989), cited with approval in Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997). Presumably, charges are only pending after they are filed and before the judgment. See Geiche v. City & Cnty. of San Francisco, 08-cv-3233 JL, 2009 WL 1948830 (N.D. Cal. July 2, 2009).

According to his Complaint, plaintiff was arrested on December 30, 2009, released the next day, and some unspecified time later found innocent. Thus, the statute of limitations on plaintiff's respective § 1983 claims may have been tolled until the related criminal charges were

dismissed. However, the Complaint is silent as to the date on which plaintiff was charged and the date of the judgment. If the period between the date when plaintiff was charged and the date of the judgment was greater than six months and twenty three days, than plaintiff filed within the two-year time limit and his complaint would be timely in regard to December 30, 2009 incident.

Accordingly, plaintiff's § 1983 claims arising out of the December 30, 2009 incident should be dismissed with leave to amend. Plaintiff may amend the complaint if he can truthfully add facts sufficient to show that his criminal charges were not dismissed until at least July 24, 2010 and that the statute of limitations was therefore tolled for at least six months and 23 days.

b.  The Eight Amendment Claim (2009 Incident)

Plaintiff claims that his Eighth Amendment rights were violated in relation to the 2009 arrest. Defendant contends that plaintiff's claim is properly analyzed under the Fourth Amendment because the alleged violation occurred in the context of arrest. The court agrees.

Plaintiff's allegations suggest two distinct constitutional violations: an unlawful arrest ("they. . . falsey arrested me") and an unreasonable use or threat of force (the post-arrest detour into the woods that "scared the wits out of me"). See Compl., ECF No. 1 at 2. An arrest without a warrant or probable cause violates the Fourth Amendment and can support § 1983 liability. See Dubner v. City & County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001). The use of excessive force or an unreasonable show of force (including intimidation and threatening behavior) against an arrestee also constitutes an unlawful seizure in violation of the Fourth Amendment. See Fontana v. Haskin, 262 F.3d 871, 878-79 (9th Cir. 2001). Both types of Fourth Amendment violation are subject to the same general standard: objective reasonableness. See Tennessee v. Garner, 471 U.S. 1, 8 (1985); Franklin v. Foxworth, 31 F.3d 873, 875 (9th Cir. 1994); Motley v. Parks, 432 F.3d 1072 (9th Cir. 2005) (en banc), overruled in part on other grounds, United States . King, 687 F.3d 1189 (9th Cir. 2012) (en banc).

The complaint alleges in conclusory fashion that plaintiff's arrest was "false," but does not state any facts supporting a conclusion that the arrest lacked probable cause. Indeed, plaintiff does not explain what he was arrested for or the circumstances resulting in his arrest.

Accordingly, the false arrest claim must be dismissed with leave to amend.

9

Plaintiff does state specific facts regarding alleged acts of intimidation during transportation to the jail.  He alleges that the arresting officers stopped the car in an unfamiliar wooded area, dragged plaintiff out of the car, tackled him when he attempted to run, and laughed at his fear.  To state a claim under the Fourth Amendment, the allegations must establish that the officer's conduct was unreasonable under all the circumstances.  See Fontana, 262 F.3d at 880.  Because this incident did not involve deadly force or physical blows, plaintiff must plead facts that demonstrate "harassing and abusive behavior that rises to the level of 'unreasonable seizure.'"  Id. at 879.   Construing the allegations of the complaint with the liberality due the pro se litigant, Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004), plaintiff's facts may be sufficient to state a claim that the officers gratuitously attempted to terrorize him.  Because leave to amend will be granted in any case, plaintiff will have the opportunity to supplement his facts in support of this claim.

Finally, the court notes that the complaint does not identify the officers involved in this incident or name them as defendants.  As the court explains more fully below, the proper defendants on a § 1983 claim are the individuals who violated plaintiff's rights.  Police officer defendants are often identified from the police report of the incident at issue.  See Dubner, 266 F.3d at 965-66 (noting problems of proof caused when report does not identify arresting officers).[2]

For all these reasons, plaintiff's false arrest and excessive force claim, improperly pled as a cruel and unusual punishment claim, must be dismissed.  Plaintiff should be granted leave to amend in order to clarify the grounds of his incipient Fourth Amendment claim(s).  Specifically, plaintiff should be permitted to amend the complaint if he can allege additional facts supporting his claim of false arrest and/or name the offending officers.  Plaintiff should also be permitted to

---

[2] No federal statute or rule expressly permits the naming of a fictitious defendant or "John Doe" defendant in a federal pleading, see Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1191 (9th Cir. 1970), and so-called "Doe pleading" is disfavored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Nonetheless, naming Doe defendants may be appropriate where the plaintiff has stated a valid claim, but requires discovery to identify the proper defendant.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

supplement his allegations regarding the objectively unreasonable conduct of the arresting officers.

### c. Fourth Amendment Claim (2012 Incident)

The complaint alleges that the Benicia Police violated plaintiff's Fourth Amendment rights on July 5, 2012. Compl., ECF No. 1 at 2. Plaintiff recounts the events of July 5, 2012, which culminated in his arrest, but does not specify what actions of the arresting officers violated his Fourth Amendment rights. In an action under § 1983 plaintiff may seek redress only for violations of his own rights, not violations of the rights of others such as his estranged wife or her landlord. See Elk Grove Unified School Dist. V. Newdow, 542 U.S. 1, 17-18 (2004). The court is unable to identify a cognizable Fourth Amendment violation from the allegations of the complaint. To the extent that plaintiff means to allege that his arrest was unlawful in some way, the complaint must contain specific facts demonstrating the illegality.

Although plaintiff identifies in the body of the complaint the officers involved in this incident, the only named defendant is the Benicia Police Department. Defendants argue that the complaint fails to state a claim against Bencia under Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 693 (1978), and must be dismissed on that ground. The court turns next to that issue, which applies to plaintiff's claims arising from the 2009 incident as well as the 2012 incident. Because the plaintiff's claim arising from the 2012 incident must be dismissed for the reasons explained below, and because leave to amend is appropriate, plaintiff will have an opportunity to clarify the factual basis of this claim.

### d. Municipal Liability

Defendant argues that plaintiff's claim(s) against Benicia Police Department under section 1983 should be dismissed because plaintiff "fails to set forth a single allegation regarding any policy, custom or practice of the Benicia Police Department [and] fails to establish that the alleged unconstitutional action was anything more than a possible single, isolated incident, which occurred in the absence of any unconstitutional municipal policy." Def.'s Mot. Dismiss, ECF No. 20-1.

Because section 1983 does not provide for vicarious liability, local governments "may not

be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, supra, 436 U.S. at 693. Instead, local government entities can be directly liable under § 1983 for monetary, declaratory, or injunctive relief only if the allegedly unconstitutional actions were taken pursuant to a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1171 (E.D. Cal. 2005) (quoting Monell, 436 U.S. at 659, 690). Alternatively, local government entities can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. Id. (quoting Monell, 436 U.S. at 690-691). "A single decision by a municipal policymaker may be sufficient to trigger section 1983 liability under Monell, even though the decision is not intended to govern future situations." Haughn v. Brosseau, 351 F.3d 372 (9th Cir. 2003) (quoting Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992)) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)). The local government will be found responsible if it can be established that "the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy." Sepatis v. City & County of San Francisco, 217 F. Supp. 2d 992, 1005 (N.D. Cal. 2002).

    The only allegation that might be construed as referring to such authority is that one of the arresting officers, Chris Bidou, has a close family relation with Benicia's Chief of Police. But this is hardly enough. Such allegations lack factual content from which one could plausibly infer Monell liability. See e.g., Palermo v. Town of N. Reading, 370 Fed. Appx. 128, 131 n.4 (10th Cir. 2010) (dismissing a Monell claim when "the complaint as a whole contained no factual assertions whatsoever regarding Town policy"); Telles v. City of Waterford, No. 1:10–cv–00982 AWI SKO, 2010 WL 5314360, at 4 (E.D. Cal. Dec. 20, 2010) (same); Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009).

    Accordingly, given the insufficiency of plaintiff's allegations, his Monell claim should be dismissed with leave to amend.

    e.    <u>Claims Against Individual Defendants</u>

    Although the complaint names only the police department as a defendant, the allegations

1 appear intended to state claims against individual police officers.  Individual local government
2 officers can be named as defendants either in their personal or official capacities.  A suit against
3 an individual officer in his or her official capacity is "only another way of pleading an action
4 against an entity of which an officer is an agent."  Wolfe v. Strankman, 392 F.3d 358, 365 (9th
5 Cir. 2004) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)).  Accordingly, to state a claim
6 against an individual officer in his official capacity, a plaintiff must allege an unconstitutional
7 "policy statement, ordinance, or decision officially adopted and promulgated by that body's
8 officers."  Neveu, 392 F. Supp. 2d at 1171 (quoting Monell, 436 U.S. at 659, 690).  As discussed
9 above, plaintiff failed to allege any facts about existence of such policy.

10     In contrast, a claim against an individual local government officer acting in his or her
11 personal capacity is quite different from a Monell claim against a local government entity.  A
12 plaintiff suing an individual officer in his or her personal capacity is not required to establish any
13 connection between the alleged unlawful act and a governmental "policy or custom."  Instead, the
14 plaintiff must specify how each individual defendant participated in the violation of plaintiff's
15 rights.  See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
16 1980).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he
17 does an affirmative act, participates in another's affirmative act, or omits to perform an act which
18 he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler
19 II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy,
20 588 F.2d 740, 743 (9th Cir. 1978)).

21     Although plaintiff did not name any individual officers as defendants, he named them in
22 the body of the Complaint in regard to the July 5, 2012 arrest.  Accordingly, plaintiff may amend
23 the complaint to add these officers as defendants if he can provide factual allegations that
24 plausibly indicate that his July 5, 2012 arrest was in violation of the Fourth Amendment or other
25 federally protected rights.  Moreover, as noted above, if plaintiff elects to amend his claim(s)
26 arising from the 2009 incident, he may also identify and name as defendants the officers who
27 allegedly violated his rights on that occasion.

28

CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant's June 12, 2013 motion to dismiss (ECF No. 20) be granted in part as set forth above;

2. Plaintiff's complaint be dismissed;

3. Plaintiff be granted thirty days from the date of this order to file and serve an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 7, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/ew;rich1931.mtd