1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BOBBY C. RICHARDSON,                        No.  2:12-cv-1931 GEB AC PS

12              Plaintiff,

13        v.                                     FINDINGS & RECOMMENDATIONS

14   BENICIA POLICE DEP'T, ET AL.,

15              Defendants.

16

17        On April 7, 2014, the court held a hearing on defendants' January 10, 2014 motion to

18   dismiss.  Plaintiff Bobby Richardson appeared in pro per.  Gregg A. Thornton appeared for the

19   moving defendants.  On review of the motion, the documents filed in support and opposition,

20   upon hearing the arguments of plaintiff and counsel, and good cause appearing therefore, THE

21   COURT FINDS AS FOLLOWS:

22                RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

23   A.    Factual Allegations in First Amended Complaint

24        As compared to the original pleading, the first amended complaint presents few facts.

25   Generally, plaintiff accuses the Benicia Police Department and various officers of violating his

26   constitutional rights on two separate occasions: the first violation occurred on December 31,

27   2009, and the second violation occurred on July 5, 2012.

28

1

1        1.      The December 31, 2009 Incident

2        Plaintiff alleges that on December 31, 2009, after he left a bar where he drank only one

3    beer, Benicia police officers Craig Block and Sam Peterson conspired to falsely arrest plaintiff.

4    These officers, who presumably arrested plaintiff, did not read him his Miranda rights and instead

5    drove him to a dark, wooded part of town, where plaintiff feared for his life.  Plaintiff went to

6    trial on an unspecified charge allegedly related to this incident and was found innocent on

7    September 20, 2010.  Plaintiff asserts that these officers violated his Eighth Amendment rights.

8        2.      The July 5, 2012 Incident

9        On July 5, 2012, Benicia police officers Chris Bidou and Jeff Harris conspired to violate

10   plaintiff's Fourth Amendment rights when they blocked off plaintiff's neighborhood and peeped

11   through the window of his residence.  When these officers rang the doorbell of the residence,

12   plaintiff's landlord answered the door and told the officers that plaintiff was not there.  The

13   officers, who allegedly pushed through the door saying they saw plaintiff watching television, ran

14   through the entire house and finally located plaintiff standing behind the garage.  Officer Bidou

15   shined a light on and held his gun at plaintiff's face.  The officers escorted plaintiff to the front of

16   the house where they arrested him without reading him his Miranda rights.  Plaintiff asserts that

17   these officers violated his Fourth Amendment rights.

18    B.      Procedural Background

19       Plaintiff initiated this action on July 23, 2012, and is proceeding on a first amended

20   complaint filed December 30, 2013.  Plaintiff's original complaint was dismissed with leave to

21   amend following grant of defendant's motion to dismiss.  See ECF Nos. 24, 31.  In the operative

22   pleading, plaintiff brings suit pursuant to 42 U.S.C. § 1983 for violations of his Fourth and Eighth

23   Amendment rights.  He also brings suit for invasion of privacy and for trespass.  This matter is

24   presently pending on defendants' January 10, 2014 motion to dismiss, which plaintiff opposes.

25                          LEGAL STANDARDS

26       The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

27   is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

28   578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the

                                    2

1 absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police

2 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a

3 claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

4 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

5 on the plaintiff's claims, even if the plaintiff's allegations are true.

6      In determining whether a complaint states a claim on which relief may be granted, the

7 court accepts as true the allegations in the complaint and construes the allegations in the light

8 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

9 United States, 915 F.2d 1242, 1245 (9th Cir. 1989); see also Rodriguez v. Panayiotou, 314 F.3d

10 979, 983 (9th Cir. 2002).  A court is not "required to accept as true allegations that are merely

11 conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden

12 State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

13      If a Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even

14 if no request to amend the pleading was made, unless it determines that the pleading could not

15 possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

16 2000) (en banc).  That is, leave to amend need not be granted where amendment would be futile.

17 Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

18                                    DISCUSSION

19 A.    Federal Claims

20      In order to sue a local government entity or its employees in a federal court for civil rights

21 violations, a plaintiff must rely on statutory provisions that permit individuals to seek relief in

22 federal court.  The federal civil rights statute, 42 U.S.C. § 1983, provides in pertinent part:

23           Every person who, under color of any statute, ordinance, regulation,
          custom, or usage, of any State or Territory or the District of
24           Columbia, subjects, or causes to be subjected, any citizen of the
          United States ... to the deprivation of any rights, privileges or
25           immunities secured by the Constitution and laws, shall be liable to
          the party injured in an action at law, suit in equity, or other proper
26           proceeding for redress.

27 42 U.S.C. § 1983.  Section 1983 "creates a cause of action against a person who, acting under

28 color of state law, deprives another of rights guaranteed under the Constitution."  Henderson v.

                                       3

1   City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002). "In order to allege a claim upon which

2   relief may be granted under § 1983, a plaintiff must show that he or she has been deprived of a

3   'right secured by the Constitution and . . . law of the United States' and that the deprivation was

4   'under color' of state law." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing Flagg

5   Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983)). Here, plaintiff

6   alleges Fourth and Eighth Amendment violations.

7          1.        Claims Arising Under the Eight Amendment

8          In the amended pleading, plaintiff asserts a violation of his Eighth Amendment rights

9   related to the December 2009 arrest. Plaintiff was previously informed that the Eighth

10  Amendment is an improper framework for analyzing his claim. See ECF No. 24 at 9. Where, as

11  here, a claim of excessive force arises in the context of an investigatory stop, arrest, or other

12  "seizure" of a free citizen, the claim is "properly analyzed under the Fourth Amendment's

13  'objective reasonableness' standard." Graham v. Connor, 490 U.S. 386, 388 (1988); see also

14  Reed v. Hoy, 909 F.2d 324, 329 (9th Cir. 1989). Fourth Amendment claims for excessive force

15  can be based on post-arrest police conduct; thus, a claim of the use of excessive force by an

16  officer during transportation of an arrestee states a valid § 1983 claim. Fontana v. Haskin, 262

17  F.3d 871, 878 (9th Cir. 2001). The absence of excessive force in the traditional sense is not

18  dispositive. See id. (stating that even though the "case [did not] involve excessive force in the

19  traditional sense, it still [fell] within the Fourth Amendment."); see also Headwaters Forest Def.

20  v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001) ("Although the absence of deadly

21  force or physical blows can mean that a[n] intrusion on an arrestee is 'less significant than most

22  claims of force,' that fact alone is not dispositive in excessive force cases" (citation omitted)).

23  For these reasons, plaintiff is again informed that the court is construing his Eighth Amendment

24  claim as one arising under the Fourth Amendment.

25         2.        Federal Claims Against Benicia Police Department

26         Defendants argue that plaintiff's federal claim against the Benicia Police Department

27  should be dismissed because plaintiff again fails to set forth a single allegation regarding any

28  policy, custom or practice of the Benicia Police Department and fails to establish that the alleged

1  unconstitutional action was anything more than a possible single, isolated incident, which

2  occurred in the absence of any unconstitutional municipal policy.

3       As § 1983 does not provide for vicarious liability, local governments "may not be sued

4  under § 1983 for an injury inflicted solely by its employees or agents."  Monell v. Dep't of Soc.

5  Servs. of N.Y., 436 U.S. 658, 693 (1978).  Instead, local government entities can be directly liable

6  under § 1983 for monetary, declaratory, and injunctive relief only if the allegedly unconstitutional

7  actions were taken pursuant to a "policy statement, ordinance, or decision officially adopted and

8  promulgated by that body's officers."  Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1171 (E.D.

9  Cal. 2005) (quoting Monell at 659, 690 (1978)).  Alternatively, local government entities can be

10  liable for adopting an unconstitutional custom, even if such custom has not received formal

11  approval through the body's official decision-making channels.  Id. (quoting Monell at 690-691).

12  "A single decision by a municipal policymaker may be sufficient to trigger section 1983 liability

13  under Monell, even though the decision is not intended to govern future situations."  Haughn v.

14  Brosseau, 351 F.3d 372 (9th Cir. 2003) (quoting Gillette v. Delmore, 979 F.2d 1342, 1347 (9th

15  Cir. 1992)) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)).  The local

16  government will be found responsible if it can be established that "the individual who committed

17  the constitutional tort was an official with final policymaking authority and that the challenged

18  action itself was an act of official governmental policy."  Sepatis v. City & County of San

19  Francisco, 217 F. Supp. 2d 992, 1005 (N.D. Cal. 2002).

20       Because plaintiff has again failed to establish that any alleged constitutional violation was

21  a result of a policy, custom or practice of the Benicia Police Department, plaintiff's federal claims

22  against the Benicia Police Department should be dismissed without leave to amend.[1]

23  B.     State Law Claims

24       1.     State Law Claims Against Benicia Police Department

25       As to plaintiff's state law claims for invasion of privacy and trespass, defendants argue

26  that those asserted against the Benicia Police Department must be dismissed with prejudice for

27  _____

28  [1] Plaintiff acknowledged at hearing on the motion that he is unaware of facts which could be
    added by amendment to establish the existence of an unconstitutional departmental policy.

1    failure to file a claim pursuant to the California Tort Claims Act.

2        Generally, a plaintiff seeking to bring tort claims against a government entity must first

3    present those claims to the government entity within the limitations period, either six months or

4    one year, depending on the nature of the tort alleged:

5
6
7
8
> A claim relating to a cause of action for death or for injury to
> person or to personal property or growing crops shall be presented
> as provided in Article 2 (commencing with Section 915) not later
> than six months after the accrual of the cause of action. A claim
> relating to any other cause of action shall be presented as provided
> in Article 2 (commencing with Section 915) not later than one year
> after the accrual of the cause of action.

9    Cal. Gov't. Code § 911.2(a).  The term "injury" means "death, injury to a person, damage to or

10   loss of property, or any other injury that a person may suffer to his person, reputation, character,

11   feelings, or estate, of such nature that it would be actionable if inflicted by a private person."  Cal.

12   Gov't. Code § 810.8; Ovando v. County of Los Angeles, 159 Cal. App. 4th 42, 63 n.7 (2008).

13       Until a claimant has properly presented a claim to a public entity, and the public entity has

14   acted on it or it is deemed rejected in accordance with the Act, the claimant may not file suit

15   against that entity.  Cal. Gov't. Code § 945.4; California v. Super. Ct., 32 Cal. 4th 1234, 1239

16   (2004).  The failure to timely present a claim bars a person from filing a lawsuit against that

17   entity.  See Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007) ("Timely claim

18   presentation is not merely a procedural requirement, but is . . .  a condition precedent to a plaintiff

19   maintaining an action against [a public entity], and thus [is] an element of the plaintiff's cause of

20   action.").  In federal court, the failure to allege facts that either demonstrate or excuse compliance

21   with the Government Claims statutes will subject a state law claim to dismissal.  Karim-Panahi v.

22   Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Mangold v. California Pub. Utils.

23   Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

24       Here, assuming plaintiff's tort claims arose on December 31, 2009 and July 5, 2012, he

25   had until July 2009 to file a claim regarding December 2009 incident and until January 5, 2013

26   regarding July 2012 incident.  There is no assertion by plaintiff, though, either in the amended

27   complaint or in his opposition, that he presented a claim to the Benicia Police Department.

28   Because this is the second time that defendants seek dismissal on this ground, and because

6

1    plaintiff has again failed to assert that he complied with the California Government Tort Claims

2    Act, plaintiff's state law claims against the Benicia Police Department should be dismissed with

3    prejudice.[2]  In light of the foregoing, the undersigned will further recommend that Benicia Police

4    Department be dismissed from this action entirely.

5            2.      Invasion of Privacy

6        Plaintiff claims that defendants violated his privacy rights related to the July 5, 2013

7    arrest, in violation of California Civil Code § 1708.8.  Though section 1708.8 is lengthy, it

8    covers, generally, those situations in which a defendant

9                        knowingly enters onto the land of another person without
                         permission or otherwise committed a trespass in order to physically
10                       invade the privacy of the plaintiff with the intent to capture any
                         type of visual image, sound recording, or other physical impression
11                       of the plaintiff engaging in a personal or familial activity and the
                         physical invasion occurs in a manner that is offensive to a
12                       reasonable person.

13   Cal. Civil Code § 1708.8(a).  See also id. § 1708.8(b) (constructive invasion with intent to

14   capture, in a manner offensive to a reasonable person, any type of visual image, sound recording,

15   or other physical impression of the plaintiff), § 1708.8(c) (assault or false imprisonment with

16   intent to capture any type of visual image, sound recording, or other physical impression of the

17   plaintiff)

18       Here, there is no allegation that either individual defendant trespassed on plaintiff's

19   property in a manner offensive to a reasonable person with the intent to capture any type of visual

20   image, sound recording, or other physical impression of plaintiff.  Because plaintiff did not

21   oppose the dismissal of this claim either in his opposition or at the hearing on the instant motion,

22   this claim should be dismissed without leave to amend.

23           3.      Trespass

24       Lastly, plaintiff brings a claim for trespass pursuant to California Penal Code § 602.

25   Section 602 is also a lengthy statute, but provides generally for misdemeanor criminal persecution

26   for one who trespasses onto the property of another to, inter alia, cut down, destroy or injure any

27   _____

28   [2] Plaintiff acknowledged at hearing on the motion that he is unable to allege facts that would
     establish compliance.

7

1    kind of wood or timber (§ 602(a)); to carry away any kind of wood or timber, (§ 602(b)); to

2    maliciously injure or sever from the property of another anything attached to it or produced by it,

3    (§ 602(c)); or to take cattle, goats, pigs, sheep, fowl or any other animal being raised for the

4    purpose of food for human consumption, (§ 602(h)).  Plaintiff's amended complaint does not

5    include any allegations that any of the defendants committed any of the acts enumerated in § 602.

6    Nor has plaintiff identified any basis for the imposition of civil liability for violations of the

7    statute.  Again, because plaintiff did not oppose the dismissal of this claim either in his opposition

8    or at the hearing on the instant motion, this claim should be dismissed without leave to amend.

9                                                    CONCLUSION

10          Based on the foregoing, IT IS HEREBY RECOMMENDED that:

11          1.  Defendant's January 10, 2014 motion to dismiss (ECF No. 36) be granted;

12          2.  All claims against the Benicia Police Department be dismissed without leave to amend

13    and this defendant be dismissed entirely from this action;

14          3.  Plaintiff's state law claims be dismissed without leave to amend as to all defendants;

15    and

16          4.  Plaintiff be allowed to proceed only as to his Fourth Amendment claims against the

17    officers in their individual capacities.

18          These findings and recommendations are submitted to the United States District Judge

19    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20    after being served with these findings and recommendations, any party may file written

21    objections with the court and serve a copy on all parties.  Such a document should be captioned

22    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23    objections shall be filed and served within fourteen days after service of the objections.   The

24    parties are advised that failure to file objections within the specified time may waive the right to

25    appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26    DATED: April 10, 2014

27    _____
      ALLISON CLAIRE
28    UNITED STATES MAGISTRATE JUDGE

                                                          8