UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY C. RICHARDSON, | No. 2:12-cv-01931-GEB-AC |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| SAM PETERSON, et al., | |
| Defendants. | |

On March 25, 2015, the court held a hearing on defendants' motion for summary judgment. Plaintiff Bobby C. Richardson appeared in pro per and Danielle Lewis appeared for Defendants Officers Sam Peterson, Craig Bloch, Jeff Harris, and Chris Bidou. On review of the motions, the documents filed in support and opposition, hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

UNDISPUTED FACTS

The following facts are deemed admitted because plaintiff failed to respond to defendants' requests for admissions. Pursuant to Rule 36(a)(3), failure to respond to a request for admission deems the matter admitted. "No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing." F.T.C. v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). Though Rule 36(b) allows a party to, on motion, withdraw or amend an admitted matter, plaintiff has not availed himself of this rule. As plaintiff has not responded to or

1  requested withdrawal of his admissions, each of the admitted matters is "conclusively
2  established," for purposes of this litigation. Fed. R. Civ. P. 36(b). "Once a matter has been
3  deemed admitted under Rule 36, even by default, the court may not consider evidence that is
4  inconsistent with the admission." Am. Gen. Life & Acc. Ins. Co. v. Findley, 2013 WL 1120662,
5  at *3 (C.D. Cal. Mar. 15, 2013) (citing 999 v. C.I.T. Corp., 776 F.2d 866, 869–70 (9th Cir. 1985)
6  and Cook v. Allstate Ins. Co., 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004)). "Unanswered
7  requests for admissions may be relied on as the basis for granting summary judgment." Conlon v.
8  United States, 474 F.3d 616, 621 (9th Cir. 2007) (citing O'Campo v. Hardisty, 262 F.2d 621, 624
9  (9th Cir. 1958)); Layton v. Int'l Ass'n of Machinists & Aerospace Workers, 285 F. App'x 340,
10 341 (9th Cir. 2008).

11       A.      December 31, 2009

12       On December 31, 2009, Officer Bloch was approached by a third party at a Starbucks in
13 Benicia and told that plaintiff was being confrontational and attempting to start fights with
14 customers. ECF No. 59-2 at 2. Officers Bloch and Peterson approached plaintiff at the Starbucks
15 to ask him to be more polite to customers. Id. at 3. After Officer Bloch and Peterson asked
16 plaintiff to stop harassing those around him, he immediately became confrontational with the
17 officers. Id. At the time, the officers could smell alcohol on plaintiff, and noticed that he slurred
18 his speech and swayed as he stood in one spot. Id. Plaintiff raised his voice and got within
19 inches of Officer Bloch's face. Id. When Officer Bloch asked plaintiff for identification, plaintiff
20 retrieved it from his jacket pocket and called Officer Bloch a "punk ass bitch." Id. at 4.

21       While Officer Bloch was running a records check on plaintiff, plaintiff continued to yell in
22 Officer Bloch's face. Id. Plaintiff then did the same thing to Officer Richardson, getting within
23 inches of his face and yelling profanities. Id. At this point the officers were certain that he was
24 drunk, based on his confrontational demeanor, slurred speech, and the smell of alcohol on his
25 breath. Id. at 5. The officers believed that it was only a matter of time before plaintiff started a
26 fight with someone based on his conduct thus far and level of intoxication. Id. Accordingly, the
27 officers determined that plaintiff was not eligible to be placed in a detox center. Id. Officer
28 Richardson then place plaintiff in handcuffs by putting him in a "rear wristlock control hold" and

1  advised him that he was under arrest.  Id.

2  After Richardson's arrest the officers drove him to the City of Benicia Corporation Yard
3  to transfer him to another police vehicle so he could be taken to the Solano County Jail.  Id. at 6.
4  While the officers were transferring plaintiff he tried and failed to escape.  Id.  To prevent
5  plaintiff from escaping Officer Bloch simply held onto him.  Id.  At no time during the transfer or
6  when plaintiff was being driven to the City of Benicia Corporation Yard did he complain about
7  the handcuffs or seem to be in pain.  Id.  At the court's hearing on March 25, 2015, plaintiff stated
8  that he attempted to escape because he feared for his life.  Apparently, plaintiff believed that the
9  officers were taking him to the Corporation Yard with the intention of mistreating or even
10 assaulting him.

11  B.  July 4, 2012

12  On July 4, 2012, plaintiff's wife, Ursula Fisher, called the police to report an incidence of
13 alleged domestic abuse.  Id. at 7–8.  Officer Harris was then dispatched to 91 Riverside Terrace #
14 133, Benicia, California where the alleged incident took place.  Id. at 8.  Officer Harris was told
15 that plaintiff had gotten into an argument with his daughter that ended with him hitting Ms.
16 Fisher.  Id.  When Officer Harris arrived at the Residence Ms. Fisher seemed agitated and upset.
17 Id.  Ms. Fisher told Officer Harris that she had heard plaintiff get into an argument with her
18 daughter downstairs.  Id.  When Ms. Fisher heard plaintiff throw his keys against the wall she
19 walked downstairs to check on her daughters.  Id. at 9.  Ms. Fisher told Officer Harris that on her
20 way down the stairs plaintiff punched her in the thigh.  Id.  Officer Harris then spoke to one of
21 Ms. Fisher's daughters, Selika Richardson, who told him that plaintiff had hit her sister, Shanah
22 Marie Richardson, three times in the shoulder.  Id.  Officer Harris asked to speak to Shanah Marie
23 Richardson but she was unwilling to be interviewed.  Id.  Ms. Fisher confirmed that she wanted
24 plaintiff arrested and signed the citizen's arrest section of the arrest and detention form.  Id.

25  On July 5, 2012, Officers Harris and Chris Bidou went to the address provided for
26 plaintiff at 70 Wingfield Way, Benicia, California.  Id. at 10.  Once they arrived the officers
27 spoke to Darren John Melandez, the owner of the residence, and asked if he could bring plaintiff
28 to the front door.  Id.  Mr. Melandez told the officers that plaintiff was not home.  Id.  The

3

1    officers, however, knew Mr. Melandez was lying because they had seen plaintiff inside sitting on
2    the couch. Id. Mr. Melandez then gave the officers permission to search the residence for
3    plaintiff. Id. Officer Harris then entered the residence, but plaintiff had already left through the
4    back exit. Id. at 11. The officers ultimately found and arrested plaintiff for spousal battery in the
5    backyard behind a shed. Id. Officer Harris placed plaintiff in handcuffs and then both officers
6    transported plaintiff to Solano County Jail. Id. At no time did the officers hear plaintiff make
7    comments about the handcuffs, nor did they notice plaintiff appearing to be in pain. Id. at 11–12.

PROCEDURAL BACKGROUND

9    Plaintiff filed his original complaint on July 23, 2012, along with a request to proceed in
10   forma pauperis. ECF Nos. 1 & 3. On September 20, 2012, Magistrate Judge Gregory G. Hollows
11   granted plaintiff's application. ECF No. 7. On November 20, 2012, this matter was re-assigned
12   to the undersigned. ECF No. 12. On July 12, 2013, defendants filed a motion to dismiss
13   plaintiff's complaint. ECF No. 20. That motion was granted when the district judge adopted the
14   undersigned's findings and recommendations on November 1, 2013. ECF No. 31. On December
15   30, 2013, plaintiff filed a first amended complaint ("FAC"). ECF No. 35. Defendants filed a
16   motion to dismiss that complaint on January 10, 2014. ECF Nos. 36 & 37. On May 20, 2014, the
17   district judge adopted the undersigned's findings and recommendations that (1) plaintiff's claims
18   against the Benicia Police Department be dismissed without leave to amend in their entirety; (2)
19   plaintiff's state law claims against all defendants be dismissed without leave to amend; and (3)
20   plaintiff be allowed to proceed with his Fourth Amendment claims against the officers in their
21   individual capacities. ECF No. 44.

22   On May 21, 2014, Defendants Sam Peterson, Craig Bloch, and Jeff Harris filed an answer
23   to the remaining claims in plaintiff's FAC. ECF No. 45. On July 24, 2014, plaintiff filed a
24   motion to amend his FAC. ECF No. 48. On July 30, 2014, the court held a status conference in
25   which plaintiff withdrew his motion to amend. ECF No. 50. On July 31, 2014, Defendant Chris
26   Bidou filed an answer to plaintiff's FAC. ECF No. 53. On August 13, 2014, the court issued a
27   scheduling order setting the end of discovery for February 27, 2015. ECF No. 54. On February
28   10, 2015, defendants filed a motion for summary judgment. ECF No. 59. On March 2, 2015,

1  plaintiff filed an opposition. ECF No. 60. On March 18, 2015, defendants filed a reply. ECF
2  No. 61. On March 18, 2015, plaintiff filed a declaration summarizing his case and alleging that
3  defendants have lied under oath. ECF No. 62. The court will construe this as an unauthorized
4  sur-reply and decline to consider it under Local Rule 230. On March 20, 2015, defendants filed
5  an objection and response to plaintiff's declaration requesting that the court not consider it. ECF
6  No. 63 at 2. In the alternative, defendants argue that plaintiff's declaration fails to raise triable
7  issues of material fact or even address the issue of him being bound by the facts deemed admitted.
8  Id. at 3–7.

## LEGAL STANDARDS

10  "A party may move for summary judgment, identifying each claim . . . or the part of each
11  claim . . . on which summary judgment is sought. The court shall grant summary judgment if the
12  movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
13  judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the
14  outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc.,
15  477 U.S. 242, 248 (1986). For a dispute to be "genuine," a reasonable jury must be able to return
16  a verdict for the nonmoving party. Id.

17  The moving party's burden on summary judgment depends on whether it bears the burden
18  of proof at trial with respect to the claim or defense at issue. When the party moving for
19  summary judgment would bear the burden of proof at trial, it must come forward with evidence
20  which would entitle it to a directed verdict if the evidence went uncontroverted at trial. See
21  C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir.
22  2000). In such a case, the moving party has the initial burden of establishing the absence of a
23  genuine issue of fact on each issue material to its case. Id. However, if the nonmoving party
24  bears the burden of proof on an issue at trial, such as an affirmative defense, the moving party
25  need not produce affirmative evidence of an absence of fact to satisfy its burden. Celotex Corp.
26  v. Catrett, 477 U.S. 317, 323 (1986). The moving party may simply point to the absence of
27  evidence to support the nonmoving party's case. Id.

28  Once the moving party has met its burden, the burden then shifts to the nonmoving party

5

1  to designate specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324; Anderson,
2  477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may
3  not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing
4  that there is a genuine issue for trial."). A party asserting that a fact is genuinely disputed must
5  support the assertion by "citing to particular parts of materials in the record, including
6  depositions, documents, electronically stored information, affidavits or declarations, stipulations
7  (including those made for purposes of the motion only), admissions, interrogatory answers, or
8  other materials." Fed. R. Civ. P. 56(c)(1)(A).

9  To carry its burden, the nonmoving party must show more than the mere existence of a
10 scintilla of evidence, Anderson, 477 U.S. at 252, and "do more than simply show that there is
11 some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith
12 Radio Corp., 475 U.S. 574, 586 (1986). In fact, the nonmoving party must come forward with
13 affirmative evidence from which a jury could reasonably render a verdict in the nonmoving
14 party's favor. Anderson, 477 U.S. at 252, 257. In determining whether a jury could reasonably
15 render a verdict in the nonmoving party's favor, the court must view the evidence in the light
16 most favorable to the nonmoving party and draw all justifiable inferences in its favor. Id. at 255.
17 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
18 produce a factual predicate from which the inference may be drawn. Dias v. Nationwide Life Ins.
19 Co., 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010).

20 To establish a genuine dispute of material fact, a plaintiff must present affirmative
21 evidence; bald assertions that genuine issues of material fact exist are insufficient. Galen v. Cnty.
22 of L.A., 477 F.3d 652, 658 (9th Cir. 2007); see also F.T.C. v. Stefanchik, 559 F.3d 924 (9th Cir.
23 2009) ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both
24 insufficient to withstand summary judgment."). Further, evidence that is merely colorable or that
25 is not significantly probative is not sufficient to withstand a motion for summary judgment.
26 Anderson, 477 U.S. at 249–50 (citations omitted). "Conclusory, speculative testimony in
27 affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary
28 judgment." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); see also

Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

## DISCUSSION

I.   Fourth Amendment Claims: False Arrest

The court will recommend that defendants' motion for summary judgment as to plaintiff's false arrest claims be granted, because plaintiff has failed to raise any triable issue of material fact.

"An arrest is supported by probable cause if, 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime.'" Beier v. City of Lewiston, 354 F.3d 1058, 1065 (9th Cir. 2004) (quoting Grant v. City of Long Beach, 315 F.3d 1081, 1085 (9th Cir. 2002)). "A police officer has probable cause to effect an arrest if at the moment the arrest was made . . . the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had violated a criminal law." Grant, 315 F.3d at 1085 (internal quotation marks omitted). "Because the probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." Edgerly v. City and Cnty. of S.F., 599 F.3d 946, 954 (9th Cir. 2010) (citing Devenpeck v. Alford, 543 U.S. 146, 153–55 (2004)).

Plaintiff alleges that he was wrongfully arrested twice, once on December 31, 2009, for public intoxication and another time on July 5, 2012, for spousal battery. Penal Code § 647(f) states that

> Except as provided in subdivision (l), every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor:
>
> . . .
>
> (f) who is found in any public space under the influence of

7

> intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, controlled substance, or toluene, in a condition that he or she is unable to exercise care for his or her own safety or the safety of others, or by reason of his or her being under the influence of intoxicating liquor, any drug, controlled substance, toluene, or any combination of any intoxicating liquor, drug, or toluene, interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way.

The offense of public intoxication "is complete if the arrestee is (1) intoxicated (2) in a public place and either (3) is unable to exercise care for his own safety or the safety of others or (4) interferes with or obstructs or prevents the free use of any street, sidewalk or public way." People v. Lively, 10 Cal. App. 4th 1364, 1368–69 (1992). In California, misdemeanor spousal battery occurs when a battery is committed against a spouse. Cal. Penal Code § 243(e). "A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Pen. Code § 242.

Officers Bloch and Peterson arrested plaintiff on December 31, 2009, after they received a complaint from a customer at Starbucks that plaintiff was threatening to start a fight with other customers. ECF No. 59-2 at 2. After the officers approached plaintiff he became belligerent, yelling and cursing at them while slurring his speech and swaying in a circle. Id. at 3–4. Based on his behavior and the smell of alcohol on his breath, the officers concluded that he was publicly intoxicated and arrested him. Id. at 4–5. As these facts are deemed admitted, the court cannot consider any contradictory evidence. Based on these facts the court finds that plaintiff has not raised a triable issue of material fact as to his claim that Officers Bloch and Peterson lacked probable cause to arrest him for public intoxication.

Officers Harris and Bidou arrested plaintiff on July 5, 2012, after his wife complained that he had hit both her and one of her daughters, unprovoked. Id. at 8. Plaintiff's other daughter, Selika Richardson, confirmed this story with the officers. Id. at 9. Again, as these facts are deemed admitted, the court cannot consider any contradictory evidence. Based on these facts, the court finds plaintiff has not raised a triable issue of material fact as to his claim that Officers Harris and Bidou lacked probable cause to arrest him for spousal abuse.

////

II.     Fourth Amendment Claims: Excessive Force

The court will also recommend that defendants' motion for summary judgment as to plaintiff's claims for excessive force be granted because plaintiff has failed to raise any triable issue of material fact.

All claims that law enforcement officers used excessive force, either deadly or non-deadly, in the course of an arrest, investigatory stop, or other seizure of a citizen are to be analyzed under the Fourth Amendment and its standard of objective reasonableness. See Graham v. Connor, 490 U.S. 386, 395 (1989); Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003). The pertinent question in an excessive force case is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." Graham, 490 U.S. at 397; Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007). The analysis of whether a specific use of force was reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." Graham, 490 U.S. at 396; Blankenhorn, 485 F.3d at 477; Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007).

"We first assess the quantum of force used to arrest [the plaintiff]" and then "measure the governmental interests at stake by evaluating a range of factors." Davis, 478 F.3d at 1054. Factors that are considered in assessing the government interests at stake include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396; Blankenhorn, 485 F.3d at 477; Davis, 478 F.3d at 1054. Further, where it is or should be apparent that an individual is emotionally or mentally unstable, that is a factor that must be considered in determining the reasonableness of the force employed. See Drummond, 343 F.3d at 1058. "In some cases . . ., the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." Smith v. City of Hemet, 394 F.3d 689, 701 (9th Cir. 2005). Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490

U.S. at 396; Drummond, 343 F.3d at 1058.

"The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396–97; Drummond, 343 F.3d at 1058. Since "[n]ot every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, . . . violates the Fourth Amendment," Graham, 490 U.S. at 396, "[n]either tackling nor punching a suspect to make an arrest necessarily constitutes excessive force," Blankenhorn, 485 F.3d at 477. "Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002). When the circumstances show that there is no need for force, any force used is constitutionally unreasonable. See Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001); see also Motley v. Parks, 432 F.3d 1072, 1089 (9th Cir. 2005).

Plaintiff's complaint reveals three potential instances of excessive force (1) his arrest on December 31, 2009; (2) Officer Bloch's attempt to restrain him when he attempted to escape on December 31, 2009; and (3) his second arrest on July 5, 2012. A look at the facts surrounding these instances reveals that plaintiff has failed to raise a triable issue of material fact as to the reasonableness of the officers' conduct.

- As explained above, Officers Bloch and Peterson arrested plaintiff for public intoxication on December 31, 2009. ECF No. 59-2 at 5. During the arrest Officer Bloch approached plaintiff from behind, put him in a rear wristlock control hold, and placed him in handcuffs. Id. Plaintiff had been yelling at the officers inches from their faces, called them "punk ass bitches," appeared drunk, and had previously been acting belligerent and confrontational towards others. Id. at 2–5. Again, as these facts are deemed admitted, the court cannot consider any contradictory evidence. Based on these facts, the court finds that plaintiff has failed to raise a triable issue of material fact as to his claim that he was subject to an unreasonable amount of force during his arrest.
- During plaintiff's transfer to another police vehicle at the Corporation Yard

plaintiff tried to escape and Officer Bloch restrained him to prevent him from doing so. Id. at 6. Officer Bloch used no more force than necessary to prevent plaintiff from escaping. Id. Again, as these facts are deemed admitted, the court cannot consider any contradictory evidence. Based on these facts, the court finds that plaintiff has failed to raise a triable issue of material fact as to his claim that he was subject to an unreasonable amount of force during his arrest. Plaintiff's allegation that he subjectively feared for his life and felt terrorized is not sufficient to create a triable issue of material fact.

- Finally, Officers Bidou and Harris arrested plaintiff on July 5, 2012, in the back yard of his residence. Id. at 11. Plaintiff was placed in handcuffs and transported to Solano County Jail. Id. No other force was used during his arrest. Id. at 12. Again, as these facts are deemed admitted, the court cannot consider any contradictory evidence. The use of handcuffs during an arrest is a common police procedure, and will not generally support a claim for excessive force without more. See Luong v. City & Cnty. of San Francisco, No. C11-5661 MEJ, 2012 WL 5869561, at *5 (N.D. Cal. Nov. 19, 2012) (distinguishing plaintiff's allegations that his handcuffs had caused minor abrasions with others alleging more serious injuries). Plaintiff was being arrested for spousal abuse, and according to the undisputed facts he was not injured by his handcuffs, nor did he complain about them at the time of his arrest. Id. at 11–12. Based on these facts, the court finds that plaintiff has failed to raise a triable issue of material fact as to his claim that he was subject to an unreasonable amount of force during his arrest.

III.  Fourth Amendment Claims: Unreasonable Search and Seizure

The court will also recommend that defendants' motion for summary judgment as to plaintiff's claims for unreasonable search and seizure be granted because plaintiff has failed to raise any triable issue of material fact.

The Fourth Amendment guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person. Graham, 490 U.S. at 394; U.S. Const. amend.

11

IV. It is well established that "'searches and seizures inside a home without a warrant are presumptively unreasonable.'" LaLonde v. County of Riverside, 204 F.3d 947, 954 (9th Cir. 2000) (quoting Payton v. New York, 445 U.S. 573, 590 (1980)). The presumption, however, is not irrebuttable. Hopkins v. Bonvicino, 573 F.3d 752, 763 (9th Cir. 2009). One way to rebut the presumption of unreasonableness is to show that an individual has "waive[d] his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person, property, or premises." United States v. Cormier, 220 F.3d 1103, 1112 (9th Cir. 2000), cert. denied, 531 U.S. 1174 (2001). In Georgia v. Randolph, the Supreme Court reiterated this rule as applied to residences with more than one occupant. 547 U.S. 103, 106 (2006). "The Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant . . . ." Id.

Officers Harris and Bidou went looking for plaintiff at his residence on July 5, 2012. ECF No. 59-2 at 10. There, they interacted with Mr. Melandez, the owner of the residence. Id. Although Mr. Melandez initially told the officers that plaintiff was not home, the officers had seen plaintiff sitting on the couch through a window. Id. When the officers told Mr. Melandez this, he consented to them entering to find plaintiff. Id.[1] Officer Harris then entered the residence. Id. at 11. According to the facts deemed admitted, Mr. Melandez is the owner of the residence.[2] Again, as these facts are deemed admitted, the court cannot consider any contradictory evidence.

In light of the foregoing evidence, the court finds that defendants have shown plaintiff's unreasonable search and seizure claim does not present any triable issues of material fact. Mr.

---

[1] On March 27, 2015, plaintiff filed a statement representing that counsel for defendants had "bamboozle[d]" him into not submitting a declaration from Mr. Melendez that would have created a dispute about whether Melendez in fact consented to the search. ECF No. 65. The attached email exchange with defense counsel does not support plaintiff's claim of misconduct. Plaintiff has neither sought withdrawal of his deemed admissions nor presented any evidence establishing a factual dispute. Accordingly, this most recent filing has no effect on the court's analysis of the motion.

[2] At the court's March 25, 2015, hearing plaintiff clarified that he rented a room in Mr. Melendez's residence.

Melandez consented to a search of the residence, where he was a co-occupant with plaintiff. Accordingly, the court finds that there are no triable issues of material fact as to plaintiff's claim for unreasonable search and seizure because (1) Mr. Melandez had the authority to consent to a search of the Residence; and (2) Mr. Melandez did so consent.

## CONCLUSION

In accordance with the foregoing, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment, ECF No. 59, be GRANTED and this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E.D. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 30, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE